FILED
2011 NOV -1  PM 1:22
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

David R. Houston, Esq. (*pro hac vice pending*)
432 Court Street
Reno, Nevada 89501
Tel: (775) 786-4188

Aaron D. Aftergood, Esq. (SBN 239853)
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, California 90067
Tel: (310) 551-5221

Attorneys for Plaintiff,
JOSEPH R. FRANCIS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. FRANCIS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS, a Nevada limited liability company, STEPHEN A. WYNN, an individual, BARBARA CONWAY, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV11-9054-DSF (VBKx)<br><br>COMPLAINT FOR:<br><br>1. MALICIOUS PROSECUTION;<br>2. ABUSE OF PROCESS;<br>3. INTENTIONAL MISREPRESENTATION;<br>4. DEFAMATION;<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND<br>6. CONSPIRACY<br><br>AND DEMAND FOR JURY TRIAL. |

Plaintiff complains and alleges as follows:

**JURISDICITON AND VENUE**

1.     Jurisdiction is proper pursuant to 28 USC § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

2.     Venue is proper in the Central District of California pursuant to 28 USC § 1391

because a substantial part of the breaches, acts, and omissions alleged in this complaint took place in Los Angeles, California.

## THE PARTIES

3. Joseph R. Francis ("PLAINTIFF") is an individual, and resident of Los Angeles County, California.

4. Defendant WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS ("WYNN LAS VEGAS") is a limited liability company, incorporated under the laws of the State of Nevada with its principal place of business in the State of Nevada.

5. WYNN LAS VEGAS actively advertises to, and contracts with, residents of the State of California, and, therefore, had actual and constructive knowledge that its acts and omissions as alleged in this Complaint would have consequences within the State of California.

6. WYNN LAS VEGAS has transacted business in the State of California at all times relevant to this Complaint, and WYNN LAS VEGAS solicited PLAINTIFF's business while PLAINTIFF was in California.

7. Defendant STEPHEN A. WYNN ("WYNN") is a Nevada resident, and representative and chief executive of WYNN LAS VEGAS.

8. At all times relevant to this complaint, WYNN was acting within the scope of his employment and on behalf of, and with the knowledge and authorization of WYNN LAS VEGAS.

9. Defendant BARBARA CONWAY ("CONWAY") is a Nevada resident, and representative of WYNN LAS VEGAS.

10. At all times relevant to this complaint, CONWAY was acting within the scope of her employment and on behalf of, and with the knowledge and authorization of WYNN LAS VEGAS.

11. PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as DOES 1-100 inclusive, and, therefore, sues these defendants by such fictitious names. PLAINTIFF will amend this complaint to allege their true names and capacities when

ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.

12.  PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants sued herein as DOES 1-10, inclusive, was the agent and employee of each of the remaining defendants and was at all times acting within the scope of such agency and employment.

## FACTUAL ALLEGATIONS

13.  PLAINTIFF gambled at a casino owned and operated by WYNN LAS VEGAS during February 12-18, 2007. On February 16, 2007, WYNN LAS VEGAS obtained PLAINTIFF's signature on a $2.5 million marker bearing number 70354728. PLAINTIFF also executed a marker bearing number 70356588 to WYNN LAS VEGAS for $300,000.00 on February 18, 2007.

14.  Prior to making the above-described markers available to PLAINTIFF, WYNN LAS VEGAS required PLAINTIFF to provide information regarding his bank accounts. PLAINTIFF was considered to be a good customer and creditworthy by WYNN LAW VEGAS. PLAINTIFF listed two accounts with WYNN LAS VEGAS: a Morgan Stanley Bank One account valued at several million dollars, and a Wells Fargo account valued at approximately $700,000.00. Both accounts were open at the time PLAINTIFF took out the $2.5 million marker, and together contained more than sufficient funds to cover the markers. Even without the Wells Fargo account, the Morgan Stanley Account had more than sufficient funds to honor the marker. The Morgan Stanley account was listed as the primary account from which to draw.

15.  Shortly after his trip to Las Vegas, on February 24, 2007, PLAINTIFF deposited $800,000.00 with WYNN LAS VEGAS, and internal WYNN LAS VEGAS records showed the funds being "on deposit," with the $2.5 million marker and $300,000.00 marker outstanding.

16.  Shortly after the February 2007 Las Vegas trip, PLAINTIFF began to experience

unrelated legal troubles which resulted in closure of his Wells Fargo Bank account on May 2, 2007 by Wells Fargo Bank, not by PLAINTIFF. WYNN LAS VEGAS became aware of this account closure shortly thereafter. PLAINTIFF was incarcerated **on a** tax-related matter for some time, impairing his ability to settle his accounts with WYNN LAS VEGAS.

17. Months passed without the parties being able to settle PLAINTIFF's accounts with WYNN LAS VEGAS. At PLAINTIFF's request, representatives of WYNN LAS VEGAS agreed not to submit the markers for payment during this time.

18. Then, on June 18, 2008, approximately sixteen months after PLAINTIFF had originally signed the $2.5 million marker, WYNN LAS VEAGS dated the marker "June 18, 2008" and, with full knowledge that PLAINTIFF's Wells Fargo Bank account had been closed for some time, and that the account originally lacked sufficient funds as per the credit request form filed by PLAINTIFF with WYNN LAS VEGAS, presented the marker to Wells Fargo Bank instead of the Morgan Stanley Bank One account.

19. On July 1, 2008, Wells Fargo Bank returned the marker unpaid to WYNN LAS VEGAS, due to the account long having been closed.

20. No effort was made to present the marker to PLAINTIFF's Morgan Stanley Bank One account.

21. WYNN LAS VEGAS openly admits "that it has the reputation for 'playing hardball,'" and using the Clark County District Attorney's Office to collect debts for it if the player is "not cooperating" after the fact. This fact was established by the sworn testimony of Larry Altschul, a casino host for WYNN LAS VEGAS, before the Clark County, Nevada Grand Jury in PLAINTIFF's criminal case described below.

22. On July 17, 2008, consistent with WYNN LAS VEGAS' admitted reputation for "playing hardball," Defendant CONWAY submitted on behalf of WYNN LAS VEGAS a "Bad Check/Marker Complaint Form" to the District Attorney's office for Clark County, Nevada.

23. At the very top of the Bad Check/Marker Complaint Form, the following questions

were posed:

"Does this complaint involve a post-dated check?"

"Was partial payment received on this account?"

"Does this complaint involve an extension of credit?"

The form then states in relation to each of these questions, that:

"Any 'yes' answer indicates that this matter should be handled through the appropriate civil courts."

24. Defendant CONWAY, knowing the answer to each of the above questions to be "Yes," checked the "No" box next to each question, so as to employ criminal charges to unfairly collect money WYNN LAS VEGAS was not owed, by using the threat of prison and felony conviction.

25. Furthermore, Defendants actively encouraged the Clark County District Attorney's office to press charges and issue a warrant for PLAINTIFF's arrest, despite knowledge that their representations were false.

26. Criminal proceedings were then initiated against PLAINTIFF, based upon these misrepresentations.

27. PLAINTIFF was arrested October 2008, and held until the posting of a bond at substantial cost to PLAINTIFF.

28. On February 1, 2011, the Grand Jury for the Eighth Judicial District State of Nevada met and, pursuant to the presentation and instructions of the Clark County District Attorney, charged PLAINTIFF with one count of omnibus theft, and one count of drawing and passing a check without sufficient funds in drawee bank with intent to defraud.

29. Due to these false charges initiated by CONWAY and WYNN LAS VEGAS, PLAINTIFF was required to retain criminal defense counsel to protect his freedom and reputation at substantial cost.

30. On May 18, 2011, PLAINTIFF filed a pre-trial Writ of *Habeas Corpus* in the Clark County Court seeking to bring the above-described misrepresentations of his accusers to light.

31. Upon consideration of the evidence and argument presented by PLAINTIFF, the Court fully exonerated PLAINTIFF and dismissed the criminal case on September 14, 2011, finding that, "[t]he State did not present 'slight' or 'marginal' evidence demonstrating [PLAINTIFF] intended to take the marker out from [WYNN LAS VEGAS] and not repay his debt."

32. Because of DEFENDANTS' conduct, PLAINTIFF suffered injury, including but not limited to defamation of character, emotional distress and attorney's fees.

## FIRST CAUSE OF ACTION

(Malicious Prosecution Against All Defendants)

33. PLAINTIFF incorporates herein by reference all the allegations contained in paragraphs 1 through 32 of this Complaint.

34. WYNN LAS VEGAS, WYNN and CONWAY, were active in causing PLAINTIFF to be prosecuted in a criminal proceeding, on or about July 17, 2008, by claiming that PLAINTIFF had taken out a marker with the intent not to pay the same, with full knowledge WYNN LAS VEGAS and/or its employees or agents had misrepresented or omitted critical facts to the Clark County, Nevada District Attorney.

35. On September 14, 2011, the criminal proceeding against PLAINTIFF was dismissed.

36. WYNN LAS VEGAS, WYNN and CONWAY made the accusations causing the criminal proceeding to be filed against the PLAINTIFF, without reasonable belief in their truth, and in fact with actual knowledge of their falsity.

37. WYNN LAS VEGAS and WYNN knew about all of CONWAY's conduct in relation to the malicious prosecution and expressly ratified such conduct.

38. WYNN LAS VEGAS, WYNN and CONWAY made these accusations primarily for a purpose other than bringing PLAINTIFF to justice, specifically for the purpose of wrongfully imprisoning PLAINTIFF, and forcing him to pay a disputed balance by utilizing the threat of prison.

39. Because of WYNN LAS VEGAS, WYNN and CONWAY's malicious prosecution, the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was

forced to suffer, among other injuries, jail time, emotional distress, a loss of reputation and attorney's fees, thus causing PLAINTIFF damages in an amount according to proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

40. In addition, WYNN LAS VEGAS, WYNN and CONWAY's malicious prosecution of PLAINTIFF was committed with oppressive, fraudulent, or malicious intent, and exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a whole, in that defendants knowingly made false accusations against the PLAINTIFF with the intent of having him wrongfully imprisoned and prosecuted criminally.

41. Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and deter them from similar conduct in the future.

## SECOND CAUSE OF ACTION
(Abuse Of Process Against All Defendants)

42. PLAINTIFF incorporates herein by reference all the allegations contained in paragraphs 1 through 41 of this Complaint.

43. WYNN LAS VEGAS, WYNN and CONWAY initiated a criminal procedure, based on fraudulent representations, for drawing and passing a check without sufficient funds in drawee bank with intent to defraud, when CONWAY filed the Bad Check/Marker Complaint Form with the Clark County District Attorney's office.

44. WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations and expressly ratified such conduct.

45. WYNN LAS VEGAS and WYNN, by CONWAY, intentionally initiated this procedure against PLAINTIFF for the purpose of wrongfully imprisoning PLAINTIFF and in so doing purposefully changed internal accounting records to accomplish the same.

46. Because of WYNN LAS VEGAS, WYNN and CONWAY's conduct, PLAINTIFF was charged with a crime he did not commit and was wrongfully imprisoned.

47. Because of WYNN LAS VEGAS, WYNN and CONWAY's abuse of process, the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was

1  forced to suffer, among other injuries, jail time, emotional distress, a loss of reputation and
2  attorney's fees, thus causing PLAINTIFF damages in an amount according to proof at trial,
3  in excess of the minimum for unlimited jurisdiction of this Court.
4  48.     In addition, WYNN LAS VEGAS, WYNN and CONWAY's abuse of process was
5  committed with oppressive, fraudulent, or malicious intent, and exhibits a deliberate
6  disregard for PLAINTIFF's well-being and the judicial system as a whole, in that
7  defendants knowingly made false and defamatory statements about the PLAINTIFF with
8  the intent of having him wrongfully imprisoned.
9  49.     Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California
10 *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY,
11 and deter them from similar conduct in the future.

## THIRD CAUSE OF ACTION

(Intentional Misrepresentation Against All Defendants)

14 50.    PLAINTIFF incorporates herein by reference all the allegations contained in
15 paragraphs 1 through 49 of this Complaint.
16 51.    WYNN LAS VEGAS, WYNN and CONWAY, represented to the District
17 Attorney's Office of Clark County, State of Nevada, as well as to the Grand Jury for the
18 Eighth Judicial District State of Nevada, that PLAINTIFF had written a bad check with the
19 intent to defraud WYNN LAS VEGAS.
20 52.    Additionally, WYNN LAS VEGAS, WYNN and CONWAY, or another
21 WYNN LAS VEGAS employee, forged the date of PLAINTIFF's February 16, 2007
22 marker so that it would appear that it was recently issued, and not stale. Internal accounting
23 records were also altered by WYNN LAS VEGAS, WYNN and CONWAY, or another
24 WYNN LAS VEGAS employee, to create the appearance of criminality.
25 53.    WYNN LAS VEGAS and WYNN knew about all of CONWAY's conduct in
26 relation to the falsified Bad Check/Marker Complaint Form, changing of internal
27 accounting documents, and forged date on the February 16, 2007 marker, and expressly
28 ratified such conduct.

54. WYNN LAS VEGAS, WYNN and CONWAY's representations to the Clark County District Attorney's office and criminal court were false and manufactured in order to cause the arrest and prosecution of PLAINTIFF.

55. WYNN LAS VEGAS, WYNN and CONWAY knew, or should have known, that these representations were false because CONWAY, or another employee of WYNN LAS VEGAS forged the date of the February 16, 2007 marker, and further knew the checks were part of an extension of credit and were at least partially repaid.

56. WYNN LAS VEGAS, WYNN and CONWAY intended for the criminal court to rely on CONWAY's representations concerning the alleged bad marker in its improper prosecution of PLAINTIFF.

57. The Nevada Criminal Court and Clark County District Attorney's Office did in fact rely on WYNN LAS VEGAS, WYNN and CONWAY's representations in charging PLAINTIFF with criminal conduct.

58. As a direct and proximate result of WYNN LAS VEGAS, WYNN and CONWAY's intentional misrepresentations, the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was forced to suffer, among other injuries, jail time, emotional distress, a loss of reputation and attorney's fees thus causing PLAINTIFF damages in an amount according to proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

59. In addition, WYNN LAS VEGAS, WYNN and CONWAY's conduct in making these false accusations was committed with oppressive, fraudulent, or malicious intent, and exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a whole, in that the defendants knowingly made false accusations against the PLAINTIFF with the intent of having him wrongfully imprisoned.

60. Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and deter them from similar conduct in the future.

## FOURTH CAUSE OF ACTION

(Defamation Against All Defendants)

61. PLAINTIFF incorporates herein by reference all the allegations contained in paragraphs 1 through 60 of this Complaint.

62. WYNN LAS VEGAS and WYNN, by CONWAY, made a false, unprivileged, defamatory, and written statement concerning PLAINTIFF when CONWAY filed the Bad Check/Marker Complaint Form, and accused PLAINTIFF of writing a bad check.

63. Additionally, WYNN LAS VEGAS and WYNN by CONWAY or another WYNN LAS VEGAS employee, forged the date of PLAINTIFF's February 16, 2007 marker so that it would appear that it was not part of an extension of credit as well as modified internal accounting records to create the appearance of criminality.

64. WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations and expressly ratified such conduct.

65. This written statement was made to the Clark County District Attorney's office, and the criminal court of Clark County, State of Nevada.

66. The only reasonable interpretation the criminal court of Clark County, State of Nevada could have had concerning this written statement was that PLAINTIFF had committed a crime.

67. The written statements concerning PLAINTIFF were false, in that the marker was part of an extension of credit and had been repaid, at least in part. The original $2.5 million marker had been internally voided due to partial payment, only to be resurrected to accommodate criminal charges.

68. The written statements concerning PLAINTIFF were proven to be false when the charges issued against PLAINTIFF related to such written statements were fully dismissed in September 2011.

69. WYNN LAS VEGAS, WYNN and CONWAY knew, or should have known, that the written statements were false at the time CONWAY made the statements and testified to the Clark County Grand Jury.

70. Because of WYNN LAS VEGAS, WYNN and CONWAY's false and defamatory statements, PLAINTIFF's reputation was harmed.

71. Furthermore, because of WYNN LAS VEGAS, WYNN and CONWAY's false and defamatory statement, PLAINTIFF was further harmed, in an amount according proof at trial in excess of the minimum for unlimited jurisdiction of this Court, by being forced into jail time, suffering a loss of reputation and attorney's fees.

72. In addition, WYNN LAS VEGAS, WYNN and CONWAY's defamatory statements were made with oppressive, fraudulent, or malicious intent, and exhibit a deliberate disregard for PLAINTIFF's well-being and the judicial system as a whole, in that defendants knowingly made these false and defamatory statements about the PLAINTIFF with the intent of having him wrongfully imprisoned.

73. Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and deter them from similar conduct in the future.

### FIFTH CAUSE OF ACTION

(Intentional Infliction Of Emotional Distress Against All Defendants)

74. PLAINTIFF incorporates herein by reference all the allegations contained in paragraphs 1 through 73 of this Complaint.

75. WYNN LAS VEGAS, WYNN and CONWAY acted outrageously, and in a manner deemed outrageous by society, by making false accusations to the State of Nevada in the hopes of having PLAINTIFF wrongfully imprisoned.

76. WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations and expressly ratified such conduct.

77. WYNN LAS VEGAS, WYNN and CONWAY made these false accusations with intent, or with reckless disregard to the probability, that improper criminal prosecution of and imprisonment of PLAINTIFF would cause PLAINTIFF severe emotional distress.

78. WYNN LAS VEGAS, WYNN and CONWAY's conduct was a substantial factor in causing PLAINTIFF severe emotional distress in the form of severe mental anguish and

humiliation.

79. Because of WYNN LAS VEGAS, WYNN and CONWAY's conduct intended to cause intentional infliction of emotional distress, the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was forced to suffer, among other injuries, undeserved jail time, severe emotional distress related to such imprisonment and attorney's fees, thus causing PLAINTIFF damages in an amount according to proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

80. In addition, WYNN LAS VEGAS, WYNN and CONWAY's conduct in making these false accusations was committed with oppressive, fraudulent, or malicious intent, and exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a whole, in that defendants knowingly made false accusations against the PLAINTIFF with the intent of having him wrongfully imprisoned.

81. Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and deter them from similar conduct in the future.

### SIXTH CAUSE OF ACTION

(Conspiracy Against All Defendants)

82. PLAINTIFF incorporates herein by reference all the allegations contained in paragraphs 1 through 81 of this Complaint.

83. All defendants actively participated in the above referenced conduct constituting Malicious Prosecution.

84. All defendants actively participated in the above referenced conduct constituting Abuse of Process.

85. All defendants actively participated in the above referenced conduct constituting Intentional Misrepresentation.

86. All defendants actively participated in the above referenced conduct constituting Defamation.

87. All defendants actively participated in the above referenced conduct constituting

Intentional Infliction of Emotional Distress.

88. All defendants engaged in the above referenced conduct in order to improperly incarcerate PLAINTIFF and cause him severe emotional distress and other harm.

89. All defendants agreed to the aforementioned conduct with the intent to cause PLAINTIFF monetary and emotional harm.

90. Because of WYNN LAS VEGAS, WYNN and CONWAY's conspiracy, the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was forced to suffer, among other injuries, jail time, emotional distress, loss of reputation and attorney's fees thus causing PLAINTIFF damages in an amount according to proof at trial, in excess of the minimum for unlimited jurisdiction of this Court.

91. In addition, WYNN LAS VEGAS, WYNN and CONWAY's conspiracy was engaged in with oppressive, fraudulent, or malicious intent, and exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a whole, in that defendants knowingly made false accusations against the PLAINTIFF with the intent of having him wrongfully imprisoned.

92. Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and deter them from similar conduct in the future.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. For general damages;

B. For special damages;

C. For exemplary and punitive damages appropriate to punish or set an example of defendants;

D. For prejudgment interest in an amount to be proved at time of trial;

E. For costs of suit incurred herein; and

F. For attorneys fees as may be provided by law or contract;

///

G.  For such other and further relief as the court may deem just and proper.

                                    Respectfully submitted,

DATED: November 1, 2011       THE AFTERGOOD LAW FIRM

                          By: _____
                                 AARON D. AFTERGOOD,
                                 Attorneys For Plaintiff, JOSEPH R. FRANCIS

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a trial by jury.

Respectfully submitted,

DATED: November 1, 2011

THE AFTERGOOD LAW FIRM

By: _____
AARON D. AFTERGOOD,
Attorneys For Plaintiff, JOSEPH R. FRANCIS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 9054 DSF (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Aaron D. Aftergood, Esq. (SBN 239853)
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA 90067

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. FRANCIS, an individual,<br><br>PLAINTIFF(S)<br>v.<br>WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS, a Nevada limited liability company, STEPHEN A. WYNN, an individual, BARBARA CONWAY, an individual, and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-9054-DSF (VBK)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ___Aaron D. Aftergood___, whose address is ___1875 Century Park East, Suite 2230, Los Angeles, CA 90067___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __NOV - 1 2011__    By: _____
                                            Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                     SUMMONS

Name & Address:
Aaron D. Aftergood, Esq. (SBN 239853)
The Aftergood Law Firm
1875 Century Park East, Suite 2230
Los Angeles, CA 90067

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. FRANCIS, an individual,<br><br>                                      PLAINTIFF(S)<br>        v.<br>WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS, a Nevada limited liability company, STEPHEN A. WYNN, an individual, BARBARA CONWAY, an individual, and DOES 1 through 10, inclusive,<br><br>                                      DEFENDANT(S). | CASE NUMBER<br><br>CV 11-9054 -DSF(VBK)<br><br><br>SUMMONS |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ___Aaron D. Aftergood___, whose address is ___1875 Century Park East, Suite 2230, Los Angeles, CA 90067___. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  __NOV - 1 2011__          By: __MARILYN DAVIS__
                                            Deputy Clerk

                                     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JOSEPH R. FRANCIS, an individual

**DEFENDANTS**
WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS, a Nevada limited liability company, STEPHEN A. WYNN, an individual, BARBARA CONWAY, an individual, and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Aaron D. Aftergood, Esq, The Aftergood Law Firm
1875 Century Park East, Suite 2230, Los Angeles, CA 90067
Tel: (310) 551-5221

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** according to proof at trial.
In excess of $75,000 and

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity under 28 USC sec. 1332 and causes of action Malicious Prosecution, Abuse of Process, Fraud, Defamation, Infliction of Emotional Distress, etc.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | **FORFEITURE / PENALTY** | |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | | | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-9054

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)           CIVIL COVER SHEET           Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Nevada |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 1, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |