UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-9054 (VBKx) | Date | 12/8/11 |
| Title | Joseph R. Francis v. Wynn Las Vegas, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The party asserting federal jurisdiction has the burden to prove that jurisdiction exists. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 399 (9th Cir. 2010).

Plaintiff claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Compl. ¶ 1.) Federal courts have diversity jurisdiction over civil actions in which: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the opposing parties. 28 U.S.C. § 1332(a). Although Plaintiff alleges that the amount in controversy exceeds the jurisdictional amount, (Compl. ¶ 1), Plaintiff fails to establish complete diversity.

Plaintiff, an individual, fails to allege her own citizenship. An individual is a citizen of the state where he or she is domiciled. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). Domicile requires residency with the intent to remain. Id. Plaintiff alleges only that he is "an individual, and resident of Los Angeles County, California." (Compl. ¶ 3.) Thus, Plaintiff's citizenship cannot be determined.

Plaintiff also fails to allege the citizenship of Defendants Stephen A. Wynn and Barbara Conway. Plaintiff alleges that Defendant Wynn, an individual, is a Nevada resident, (id. ¶ 7), and that Defendant Conway, an individual, is a Nevada resident, (id. ¶ 9.) Thus, the citizenship of Defendants Wynn and Conway cannot be determined.

Finally, Plaintiff fails to allege the citizenship of Defendant Wynn Las Vegas,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

LLC.  A limited liability company is a citizen of the states in which each of its member is a citizen.  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiff alleges that Defendant Wynn Las Vegas, LLC, is a limited liability company incorporated in Nevada with its principal place of business in Nevada.  (Compl. ¶ 4.)  Therefore, the citizenship of Defendant Wynn Las Vegas, LLC cannot be determined.

Because Plaintiff does not adequately allege the citizenship of the parties, the Court orders Plaintiff to show cause in writing on or before December 19, 2011 why this action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.