1 | David R. Houston, Esq. (*pro hac vice*)
432 Court Street
2 | Reno, Nevada 89501
3 | Tel:  (775) 786-4188

4 | Aaron D. Aftergood, Esq. (SBN 239853)
5 | The Aftergood Law Firm
1875 Century Park East, Suite 2230
6 | Los Angeles, California 90067
7 | Tel:  (310) 551-5221

8 | Attorneys for Plaintiff,
JOSEPH R. FRANCIS
9

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| JOSEPH R. FRANCIS, an individual, | **CASE NO. CV11-9054-DSF(VBKx)** |
|---|---|
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | 1. **MALICIOUS PROSECUTION;** |
| | 2. **ABUSE OF PROCESS;** |
| WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS, a Nevada limited liability company, STEPHEN A. WYNN, an individual, BARBARA CONWAY, an individual, and DOES 1 through 10, inclusive, | 3. **INTENTIONAL MISREPRESENTATION;** 4. **DEFAMATION;** 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND** 6. **CONSPIRACY** |
| Defendants. | **AND DEMAND FOR JURY TRIAL.** |

Plaintiff complains and alleges as follows:

### JURISDICITON AND VENUE

1.    Jurisdiction is proper pursuant to 28 USC § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

2.    Venue is proper in the Central District of California pursuant to 28 USC § 1391

1  because a substantial part of the breaches, acts, and omissions alleged in this complaint took
2  place in Los Angeles, California.

3                                    **THE PARTIES**

4  3.      Joseph R. Francis ("PLAINTIFF") is an individual, a resident of Los Angeles

5  County, California, and a citizen of the State of California.

6  4.      Defendant WYNN LAS VEGAS, LLC, dba WYNN LAS VEGAS ("WYNN LAS

7  VEGAS") is a limited liability company, incorporated under the laws of the State of

8  Nevada with its principal place of business in the State of Nevada, and a citizen of the State

9  of Nevada.

10 5.      WYNN LAS VEGAS actively advertises to, and contracts with, residents of the

11 State of California, and, therefore, had actual and constructive knowledge that its acts and

12 omissions as alleged in this Complaint would have consequences within the State of

13 California.

14 6.      WYNN LAS VEGAS has transacted business in the State of California at all times

15 relevant to this Complaint, and WYNN LAS VEGAS solicited PLAINTIFF's business

16 while PLAINTIFF was in California.

17 7.      Defendant STEPHEN A. WYNN ("WYNN") is a Nevada resident, a citizen of the

18 State of Nevada, and representative and chief executive of WYNN LAS VEGAS.

19 8.      At all times relevant to this complaint, WYNN was acting within the scope of his

20 employment and on behalf of, and with the knowledge and authorization of WYNN LAS

21 VEGAS.

22 9.      Defendant BARBARA CONWAY ("CONWAY") is a Nevada resident, a citizen of

23 the State of Nevada, and representative of WYNN LAS VEGAS.

24 10.     At all times relevant to this complaint, CONWAY was acting within the scope of her

25 employment and on behalf of, and with the knowledge and authorization of WYNN LAS

26 VEGAS.

27 11.     PLAINTIFF is ignorant of the true names and capacities of defendants sued herein as

28 DOES 1-10 inclusive, and, therefore, sues these defendants by such fictitious names.

1 PLAINTIFF will amend this complaint to allege their true names and capacities when
2 ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the
3 fictitiously named defendants is responsible in some manner for the occurrences herein
4 alleged.

5 12.    PLAINTIFF is informed and believes and thereon alleges that at all times herein
6 mentioned, each of the defendants sued herein as DOES 1-100, inclusive, was the agent and
7 employee of each of the remaining defendants and was at all times acting within the scope
8 of such agency and employment.

9                    **FACTUAL ALLEGATIONS**

10 13.    PLAINTIFF gambled at a casino owned and operated by WYNN LAS VEGAS
11 during February 12-18, 2007. On February 16, 2007, WYNN LAS VEGAS obtained
12 PLAINTIFF's signature on a $2.5 million marker bearing number 70354728. PLAINTIFF
13 also executed a marker bearing number 70356588 to WYNN LAS VEGAS for $300,000.00
14 on February 18, 2007.

15 14.    Prior to making the above-described markers available to PLAINTIFF, WYNN LAS
16 VEGAS required PLAINTIFF to provide information regarding his bank accounts.
17 PLAINTIFF was considered to be a good customer and creditworthy by WYNN LAW
18 VEGAS. PLAINTIFF listed two accounts with WYNN LAS VEGAS: a Morgan Stanley
19 Bank One account valued at several million dollars, and a Wells Fargo account valued at
20 approximately $700,000.00. Both accounts were open at the time PLAINTIFF took out the
21 $2.5 million marker, and together contained more than sufficient funds to cover the
22 markers. Even without the Wells Fargo account, the Morgan Stanley Account had more
23 than sufficient funds to honor the marker. The Morgan Stanley account was listed as the
24 primary account from which to draw.

25 15.    Shortly after his trip to Las Vegas, on February 24, 2007, PLAINTIFF deposited
26 $800,000.00 with WYNN LAS VEGAS, and internal WYNN LAS VEGAS records
27 showed the funds being "on deposit," with the $2.5 million marker and $300,000.00 marker
28 outstanding.

3
**FIRST AMENDED COMPLAINT**

16.     Shortly after the February 2007 Las Vegas trip, PLAINTIFF began to experience unrelated legal troubles which resulted in closure of his Wells Fargo Bank account on May 2, 2007 by Wells Fargo Bank, not by PLAINTIFF.  WYNN LAS VEGAS became aware of this account closure shortly thereafter.  PLAINTIFF was incarcerated **on a** tax-related matter for some time, impairing his ability to settle his accounts with WYNN LAS VEGAS.

17.     Months passed without the parties being able to settle PLAINTIFF's accounts with WYNN LAS VEGAS.  At PLAINTIFF's request, representatives of WYNN LAS VEGAS agreed not to submit the markers for payment during this time.

18.     Then, on June 18, 2008, approximately sixteen months after PLAINTIFF had originally signed the $2.5 million marker, WYNN LAS VEAGS dated the marker "June 18, 2008" and, with full knowledge that PLAINTIFF's Wells Fargo Bank account had been closed for some time, and that the account originally lacked sufficient funds as per the credit request form filed by PLAINTIFF with WYNN LAS VEGAS, presented the marker to Wells Fargo Bank instead of the Morgan Stanley Bank One account.

19.     On July 1, 2008, Wells Fargo Bank returned the marker unpaid to WYNN LAS VEGAS, due to the account long having been closed.

20.     No effort was made to present the marker to PLAINTIFF's Morgan Stanley Bank One account.

21.     WYNN LAS VEGAS openly admits "that it has the reputation for 'playing hardball,'" and using the Clark County District Attorney's Office to collect debts for it if the player is "not cooperating" after the fact.  This fact was established by the sworn testimony of Larry Altschul, a casino host for WYNN LAS VEGAS, before the Clark County, Nevada Grand Jury in PLAINTIFF's criminal case described below.

22.     On July 17, 2008, consistent with WYNN LAS VEGAS' admitted reputation for "playing hardball," Defendant CONWAY submitted on behalf of WYNN LAS VEGAS a "Bad Check/Marker Complaint Form" to the District Attorney's office for Clark County, Nevada.

**FIRST AMENDED COMPLAINT**

23.     At the very top of the Bad Check/Marker Complaint Form, the following questions were posed:

"Does this complaint involve a post-dated check?"

"Was partial payment received on this account?"

"Does this complaint involve an extension of credit?"

The form then states in relation to each of these questions, that:

"Any 'yes' answer indicates that this matter should be handled through the appropriate civil courts."

24.     Defendant CONWAY, knowing the answer to each of the above questions to be "Yes," checked the "No" box next to each question, so as to employ criminal charges to unfairly collect money WYNN LAS VEGAS was not owed, by using the threat of prison and felony conviction.

25.     Furthermore, Defendants actively encouraged the Clark County District Attorney's office to press charges and issue a warrant for PLAINTIFF's arrest, despite knowledge that their representations were false.

26.     Criminal proceedings were then initiated against PLAINTIFF, based upon these misrepresentations.

27.     PLAINTIFF was arrested October 2008, and held until the posting of a bond at substantial cost to PLAINTIFF.

28.     On February 1, 2011, the Grand Jury for the Eighth Judicial District State of Nevada met and, pursuant to the presentation and instructions of the Clark County District Attorney, charged PLAINTIFF with one count of omnibus theft, and one count of drawing and passing a check without sufficient funds in drawee bank with intent to defraud.

29.     Due to these false charges initiated by CONWAY and WYNN LAS VEGAS, PLAINTIFF was required to retain criminal defense counsel to protect his freedom and reputation at substantial cost.

30.     On May 18, 2011, PLAINTIFF filed a pre-trial Writ of *Habeas Corpus* in the Clark County Court seeking to bring the above-described misrepresentations of his accusers to

5

1  light.

2  31.    Upon consideration of the evidence and argument presented by PLAINTIFF, the

3  Court fully exonerated PLAINTIFF and dismissed the criminal case on September 14,

4  2011, finding that, "[t]he State did not present 'slight' or 'marginal' evidence demonstrating

5  [PLAINTIFF] intended to take the marker out from [WYNN LAS VEGAS] and not repay

6  his debt."

7  32.    Because of DEFENDANTS' conduct, PLAINTIFF suffered injury, including but not

8  limited to defamation of character, emotional distress and attorney's fees.

9                          **FIRST CAUSE OF ACTION**

10                   (Malicious Prosecution Against All Defendants)

11  33.    PLAINTIFF incorporates herein by reference all the allegations contained in

12  paragraphs 1 through 32 of this Complaint.

13  34.    WYNN LAS VEGAS, WYNN and CONWAY, were active in causing PLAINTIFF

14  to be prosecuted in a criminal proceeding, on or about July 17, 2008, by claiming that

15  PLAINTIFF had taken out a marker with the intent not to pay the same, with full

16  knowledge WYNN LAS VEGAS and/or its employees or agents had misrepresented or

17  omitted critical facts to the Clark County, Nevada District Attorney.

18  35.    On September 14, 2011, the criminal proceeding against PLAINTIFF was dismissed.

19  36.    WYNN LAS VEGAS, WYNN and CONWAY made the accusations causing the

20  criminal proceeding to be filed against the PLAINTIFF, without reasonable belief in their

21  truth, and in fact with actual knowledge of their falsity.

22  37.    WYNN LAS VEGAS and WYNN knew about all of CONWAY's conduct in

23  relation to the malicious prosecution and expressly ratified such conduct.

24  38.    WYNN LAS VEGAS, WYNN and CONWAY made these accusations primarily for

25  a purpose other than bringing PLAINTIFF to justice, specifically for the purpose of

26  wrongfully imprisoning PLAINTIFF, and forcing him to pay a disputed balance by utilizing

27  the threat of prison.

28  39.    Because of WYNN LAS VEGAS, WYNN and CONWAY's malicious prosecution,

                                        6

1   the State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was

2   forced to suffer, among other injuries, jail time, emotional distress, a loss of reputation and

3   attorney's fees, thus causing PLAINTIFF damages in an amount according to proof at trial,

4   in excess of the minimum for unlimited jurisdiction of this Court.

5   40.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's malicious prosecution

6   of PLAINTIFF was committed with oppressive, fraudulent, or malicious intent, and

7   exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a

8   whole, in that defendants knowingly made false accusations against the PLAINTIFF with

9   the intent of having him wrongfully imprisoned and prosecuted criminally.

10  41.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

11  *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and

12  deter them from similar conduct in the future.

13                          **SECOND CAUSE OF ACTION**

14                      (Abuse Of Process Against All Defendants)

15  42.    PLAINTIFF incorporates herein by reference all the allegations contained in

16  paragraphs 1 through 41 of this Complaint.

17  43.    WYNN LAS VEGAS, WYNN and CONWAY initiated a criminal procedure, based

18  on fraudulent representations, for drawing and passing a check without sufficient funds in

19  drawee bank with intent to defraud, when CONWAY filed the Bad Check/Marker

20  Complaint Form with the Clark County District Attorney's office.

21  44.    WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations

22  and expressly ratified such conduct.

23  45.    WYNN LAS VEGAS and WYNN, by CONWAY, intentionally initiated this

24  procedure against PLAINTIFF for the purpose of wrongfully imprisoning PLAINTIFF and

25  in so doing purposefully changed internal accounting records to accomplish the same.

26  46.    Because of WYNN LAS VEGAS, WYNN and CONWAY's conduct, PLAINTIFF

27  was charged with a crime he did not commit and was wrongfully imprisoned.

28  47.    Because of WYNN LAS VEGAS, WYNN and CONWAY's abuse of process, the

1  State of Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was

2  forced to suffer, among other injuries, jail time, emotional distress, a loss of reputation and

3  attorney's fees, thus causing PLAINTIFF damages in an amount according to proof at trial,

4  in excess of the minimum for unlimited jurisdiction of this Court.

5  48.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's abuse of process was

6  committed with oppressive, fraudulent, or malicious intent, and exhibits a deliberate

7  disregard for PLAINTIFF's well-being and the judicial system as a whole, in that

8  defendants knowingly made false and defamatory statements about the PLAINTIFF with

9  the intent of having him wrongfully imprisoned.

10  49.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

11  *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY,

12  and deter them from similar conduct in the future.

13  <u>**THIRD CAUSE OF ACTION**</u>

14  (Intentional Misrepresentation Against All Defendants)

15  50.    PLAINTIFF incorporates herein by reference all the allegations contained in

16  paragraphs 1 through 49 of this Complaint.

17  51.    WYNN LAS VEGAS, WYNN and CONWAY, represented to the District

18  Attorney's Office of Clark County, State of Nevada, as well as to the Grand Jury for the

19  Eighth Judicial District State of Nevada, that PLAINTIFF had written a bad check with the

20  intent to defraud WYNN LAS VEGAS.

21  52.    Additionally, WYNN LAS VEGAS, WYNN and CONWAY, or another

22  WYNN LAS VEGAS employee, forged the date of PLAINTIFF's February 16, 2007

23  marker so that it would appear that it was recently issued, and not stale.  Internal accounting

24  records were also altered by WYNN LAS VEGAS, WYNN and CONWAY, or another

25  WYNN LAS VEGAS employee, to create the appearance of criminality.

26  53.    WYNN LAS VEGAS and WYNN knew about all of CONWAY's conduct in

27  relation to the falsified Bad Check/Marker Complaint Form, changing of internal

28  accounting documents, and forged date on the February 16, 2007 marker, and expressly

1 | ratified such conduct.

2 | 54.    WYNN LAS VEGAS, WYNN and CONWAY's representations to the Clark County

3 | District Attorney's office and criminal court were false and manufactured in order to cause

4 | the arrest and prosecution of PLAINTIFF.

5 | 55.    WYNN LAS VEGAS, WYNN and CONWAY knew, or should have known, that

6 | these representations were false because CONWAY, or another employee of WYNN LAS

7 | VEGAS forged the date of the February 16, 2007 marker, and further knew the checks were

8 | part of an extension of credit and were at least partially repaid.

9 | 56.    WYNN LAS VEGAS, WYNN and CONWAY intended for the criminal court to

10 | rely on CONWAY's representations concerning the alleged bad marker in its improper

11 | prosecution of PLAINTIFF.

12 | 57.    The Nevada Criminal Court and Clark County District Attorney's Office did in fact

13 | rely on WYNN LAS VEGAS, WYNN and CONWAY's representations in charging

14 | PLAINTIFF with criminal conduct.

15 | 58.    As a direct and proximate result of WYNN LAS VEGAS, WYNN and CONWAY's

16 | intentional misrepresentations, the State of Nevada filed criminal charges against

17 | PLAINTIFF, for which PLAINTIFF was forced to suffer, among other injuries, jail time,

18 | emotional distress, a loss of reputation and attorney's fees thus causing PLAINTIFF

19 | damages in an amount according to proof at trial, in excess of the minimum for unlimited

20 | jurisdiction of this Court.

21 | 59.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's conduct in making

22 | these false accusations was committed with oppressive, fraudulent, or malicious intent, and

23 | exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a

24 | whole, in that the defendants knowingly made false accusations against the PLAINTIFF

25 | with the intent of having him wrongfully imprisoned.

26 | 60.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

27 | *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and

28 | deter them from similar conduct in the future.

9

**FIRST AMENDED COMPLAINT**

1

## FOURTH CAUSE OF ACTION

2

(Defamation Against All Defendants)

3   61.     PLAINTIFF incorporates herein by reference all the allegations contained in

4   paragraphs 1 through 60 of this Complaint.

5   62.     WYNN LAS VEGAS and WYNN, by CONWAY, made a false, unprivileged,

6   defamatory, and written statement concerning PLAINTIFF when CONWAY filed the Bad

7   Check/Marker Complaint Form, and accused PLAINTIFF of writing a bad check.

8   63.     Additionally, WYNN LAS VEGAS and WYNN by CONWAY or another WYNN

9   LAS VEGAS employee, forged the date of PLAINTIFF's February 16, 2007 marker so that

10  it would appear that it was not part of an extension of credit as well as modified internal

11  accounting records to create the appearance of criminality.

12  64.     WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations

13  and expressly ratified such conduct.

14  65.     This written statement was made to the Clark County District Attorney's office, and

15  the criminal court of Clark County, State of Nevada.

16  66.     The only reasonable interpretation the criminal court of Clark County, State of

17  Nevada could have had concerning this written statement was that PLAINTIFF had

18  committed a crime.

19  67.     The written statements concerning PLAINTIFF were false, in that the marker was

20  part of an extension of credit and had been repaid, at least in part.  The original $2.5 million

21  marker had been internally voided due to partial payment, only to be resurrected to

22  accommodate criminal charges.

23  68.     The written statements concerning PLAINTIFF were proven to be false when the

24  charges issued against PLAINTIFF related to such written statements were fully dismissed

25  in September 2011.

26  69.     WYNN LAS VEGAS, WYNN and CONWAY knew, or should have known, that the

27  written statements were false at the time CONWAY made the statements and testified to the

28  Clark County Grand Jury.

**FIRST AMENDED COMPLAINT**

1   70.    Because of WYNN LAS VEGAS, WYNN and CONWAY's false and defamatory

2   statements, PLAINTIFF's reputation was harmed.

3   71.    Furthermore, because of WYNN LAS VEGAS, WYNN and CONWAY's false and

4   defamatory statement, PLAINTIFF was further harmed, in an amount according proof at

5   trial in excess of the minimum for unlimited jurisdiction of this Court, by being forced into

6   jail time, suffering a loss of reputation and attorney's fees.

7   72.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's defamatory statements

8   were made with oppressive, fraudulent, or malicious intent, and exhibit a deliberate

9   disregard for PLAINTIFF's well-being and the judicial system as a whole, in that

10  defendants knowingly made these false and defamatory statements about the PLAINTIFF

11  with the intent of having him wrongfully imprisoned.

12  73.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

13  *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and

14  deter them from similar conduct in the future.

15                      **FIFTH CAUSE OF ACTION**

16            (Intentional Infliction Of Emotional Distress Against All Defendants)

17  74.    PLAINTIFF incorporates herein by reference all the allegations contained in

18  paragraphs 1 through 73 of this Complaint.

19  75.    WYNN LAS VEGAS, WYNN and CONWAY acted outrageously, and in a manner

20  deemed outrageous by society, by making false accusations to the State of Nevada in the

21  hopes of having PLAINTIFF wrongfully imprisoned.

22  76.    WYNN LAS VEGAS and WYNN knew about all of CONWAY's false accusations

23  and expressly ratified such conduct.

24  77.    WYNN LAS VEGAS, WYNN and CONWAY made these false accusations with

25  intent, or with reckless disregard to the probability, that improper criminal prosecution of

26  and imprisonment of PLAINTIFF would cause PLAINTIFF severe emotional distress.

27  78.    WYNN LAS VEGAS, WYNN and CONWAY's conduct was a substantial factor in

28  causing PLAINTIFF severe emotional distress in the form of severe mental anguish and

**FIRST AMENDED COMPLAINT**

1    humiliation.

2    79.    Because of WYNN LAS VEGAS, WYNN and CONWAY's conduct intended to

3    cause intentional infliction of emotional distress, the State of Nevada filed criminal charges

4    against PLAINTIFF, for which PLAINTIFF was forced to suffer, among other injuries,

5    undeserved jail time, severe emotional distress related to such imprisonment and attorney's

6    fees, thus causing PLAINTIFF damages in an amount according to proof at trial, in excess

7    of the minimum for unlimited jurisdiction of this Court.

8    80.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's conduct in making

9    these false accusations was committed with oppressive, fraudulent, or malicious intent, and

10    exhibits a deliberate disregard for PLAINTIFF's well-being and the judicial system as a

11    whole, in that defendants knowingly made false accusations against the PLAINTIFF with

12    the intent of having him wrongfully imprisoned.

13    81.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

14    *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and

15    deter them from similar conduct in the future.

16                              **SIXTH CAUSE OF ACTION**

17                              (Conspiracy Against All Defendants)

18    82.    PLAINTIFF incorporates herein by reference all the allegations contained in

19    paragraphs 1 through 81 of this Complaint.

20    83.    All defendants actively participated in the above referenced conduct constituting

21    Malicious Prosecution.

22    84.    All defendants actively participated in the above referenced conduct constituting

23    Abuse of Process.

24    85.    All defendants actively participated in the above referenced conduct constituting

25    Intentional Misrepresentation.

26    86.    All defendants actively participated in the above referenced conduct constituting

27    Defamation.

28    87.    All defendants actively participated in the above referenced conduct constituting

**FIRST AMENDED COMPLAINT**

1 | Intentional Infliction of Emotional Distress.

2 | 88.    All defendants engaged in the above referenced conduct in order to improperly

3 | incarcerate PLAINTIFF and cause him severe emotional distress and other harm.

4 | 89.    All defendants agreed to the aforementioned conduct with the intent to cause

5 | PLAINTIFF monetary and emotional harm.

6 | 90.    Because of WYNN LAS VEGAS, WYNN and CONWAY's conspiracy, the State of

7 | Nevada filed criminal charges against PLAINTIFF, for which PLAINTIFF was forced to

8 | suffer, among other injuries, jail time, emotional distress, loss of reputation and attorney's

9 | fees thus causing PLAINTIFF damages in an amount according to proof at trial, in excess

10 | of the minimum for unlimited jurisdiction of this Court.

11 | 91.    In addition, WYNN LAS VEGAS, WYNN and CONWAY's conspiracy was

12 | engaged in with oppressive, fraudulent, or malicious intent, and exhibits a deliberate

13 | disregard for PLAINTIFF's well-being and the judicial system as a whole, in that

14 | defendants knowingly made false accusations against the PLAINTIFF with the intent of

15 | having him wrongfully imprisoned.

16 | 92.    Accordingly, PLAINTIFF is entitled to punitive damages, pursuant to California

17 | *Civil Code* section 3294, so as to punish WYNN LAS VEGAS, WYNN and CONWAY and

18 | deter them from similar conduct in the future.

19 | **PRAYER**

20 | WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

21 | A.    For general damages;

22 | B.    For special damages;

23 | C.    For exemplary and punitive damages appropriate to punish or set an example of

24 | defendants;

25 | D.    For prejudgment interest in an amount to be proved at time of trial;

26 | E.    For costs of suit incurred herein; and

27 | F.    For attorneys fees as may be provided by law or contract;

28 | ///

**FIRST AMENDED COMPLAINT**

1   G.      For such other and further relief as the court may deem just and proper.

2

3                                    Respectfully submitted,

4   DATED:  December 12, 2011        THE AFTERGOOD LAW FIRM

5

6                          By:_____

7                                    AARON D. AFTERGOOD,
                                     Attorneys For Plaintiff, JOSEPH R. FRANCIS
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

1  **DEMAND FOR JURY TRIAL**

2       PLAINTIFF hereby demands a trial by jury.

3

4                          Respectfully submitted,

5   DATED: December 12 , 2011      THE AFTERGOOD LAW FIRM

6

7

8   By:_____

9       AARON D. AFTERGOOD,
        Attorneys For Plaintiff, JOSEPH R. FRANCIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28