EAGAN AVENATTI, LLP
Michael J. Avenatti, Bar No. 206929
Scott H. Sims, Bar No. 234178
450 Newport Center Drive, Second Floor
Newport Beach, CA 92660
Tel:  (949) 706-7000
Fax:  (949) 706-7050

Attorneys for Plaintiff
JOSEPH R. FRANCIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH R. FRANCIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WYNN LAS VEGAS, LLC, STEPHEN A. WYNN, and BARBARA CONWAY,<br><br>　　　　　Defendants. | Case No. CV 11-9054-DSF<br><br>Hon. Dale S. Fischer<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f) AND LOCAL RULE 26(a)(1)** |

898175.2

Pursuant to Federal Rule of Civil Procedure 26(f) (hereinafter "Rule 26(f)"), Local Rule 26-1 and the Court Order Setting Scheduling Conference dated June 23, 2014, Plaintiff Joseph R. Francis ("Plaintiff"), and Defendants Wynn Las Vegas, LLC ("Wynn Las Vegas") and Stephen A. Wynn ("Mr. Wynn") (collectively "Defendants") (together with Plaintiff, the "Parties"), by and through their undersigned counsel, having met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, hereby submit the following Joint Report of Early Meeting of Counsel.

### A. STATEMENT OF THE CASE

This malicious prosecution action arises out Defendants' filing of a "Bad Check/Marker Complaint Form" (the "Bad Marker Complaint Form") with the Clark County, Nevada District Attorneys' Office (the "District Attorneys' office"). Plaintiff was later charged with passing a bad check and with theft under Nevada law. The Eighth Judicial District Court for Clark County, Nevada later granted a pre-trial writ of habeas corpus filed by Francis, holding "the State failed to present slight or marginal evidence that Mr. Francis intended to default on the marker at the time the marker was taken."

Plaintiff alleges that on the Bad Marker Complaint Form, Defendants made the following representations, which were verified by as "true and accurate"—even though they were false:

1. That the Wynn's "normal course of business" was to submit markers for payment in thirty (30) days, and that this normal course of business was followed in connection with the Marker;
2. That the value of the Marker was $2.0 million;
3. That the Bad Marker Complaint Form did not involve a post-dated check;
4. That Wynn did not receive partial payment on the Marker; and
5. That the Bad Marker Complaint Form did not involve an extension of credit.

898175.2

Plaintiff further alleges that on the Bad Marker Complaint Form, Defendants listed Plaintiff's Wells Fargo account <u>but concealed and did not list</u> his Bank One/Morgan Stanley account, which according to the Wynn's own records was the primary account associated with the Marker.

Defendants deny Plaintiff's allegations. Defendants contend that the Wynn Las Vegas acted in accordance with the law when its employee, Barbara Conway, filled out a Bad Marker Complaint Form with the District Attorneys' office after Plaintiff failed to repay his outstanding gambling debt to the casino. Defendants further contend that all of the statements on Bad Marker Complaint Form were truthful and that the Bad Marker Complaint Form was completed in accordance with the specific instructions of the District Attorneys' office. Defendants deny that the Wynn Las Vegas, or its employee, made false statements to the District Attorneys' office, either intentionally or otherwise, and contend that they provided complete and truthful information to the District Attorneys' office regarding the circumstances surrounding Plaintiff's unpaid debt. The District Attorneys' office, after conducting an independent investigation, made the decision on its own to prosecute Plaintiff, and Defendants played no role in that decision. Furthermore, Defendants statements to the District Attorneys' office are privileged and, therefore, cannot be the basis of liability. In addition, Defendants contend that their efforts to collect Plaintiff's unpaid debt were in accordance with the terms and conditions of the Credit Application signed by Plaintiff and consistent with Nevada law. As a result, Defendants are not liable for any damages arising out of the District Attorneys' office's prosecution of Plaintiff.

**B.     SUBJECT MATTER JURISDICTION**

The Parties agree the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a diversity action with more than $75,000 in controversy.

**C.     LEGAL ISSUES**

The Parties have not identified any anticipated legal issues at this time.

### D. PARTIES AND EVIDENCE

The Parties are Plaintiff Joseph Francis and Defendants Wynn Las Vegas, LLC and Stephen A. Wynn. Percipient witnesses include, but are not necessarily limited to, Mr. Francis, Wynn Las Vegas employees Barbara Conway and Lawrence Altschul, and Clark County District Attorney Bernard Zadrowski. Plaintiff also contends Mr. Wynn is a percipient witness. Defendants contend that Mr. Wynn does not have first-hand knowledge of the facts alleged in the operative Complaint and is not a percipient witness to any of the relevant facts or events. Key documents include, but are not necessarily limited to, the Bad Marker Complaint Form, documents in the files of Wynn Las Vegas related to Mr. Francis, documents related to the underlying criminal action against Mr. Francis, documents related to the civil action relating to Mr. Francis' gambling debt, and communications between employees of the Wynn Las Vegas and Francis.

### E. DAMAGES

Plaintiff contends that as a result of Defendants in this action filing a false "Bad Check/Marker Complaint Form" he lost a number of business opportunities, that he suffered severe emotional distress and that he incurred significant attorney's fees in connection with the criminal action. Damages are anticipated by Plaintiff to be in the tens of millions of dollars.

Defendants deny that Plaintiff suffered any damages or that they are liable for any of the claimed damages, and to the extent that Defendants are in any way liable for damages, Defendants dispute the amount of damages claimed. Defendants further contend that any damages to Plaintiff would need to be offset against the amounts owed by Plaintiff to Defendants, which exceed $20 million.

### F. INSURANCE

There is no insurance coverage in this case.

-3-
JOINT REPORT PURSUANT TO FRCP 26(F) AND LOCAL RULE 26(A)(1)
898175.2

### G. MOTIONS

The Parties do not anticipate any motions seeking to add parties, file amended pleadings, or to transfer venue. Defendants anticipate moving for summary judgment.

### H. MANUAL FOR COMPLEX LITIGATION

The Parties agree the Manual for Complex Litigation does not need to be utilized in this case.

### I. STATUS OF DISCOVERY

The Parties have not yet completed any discovery in connection with this case, although some documents were exchanged in connection with the anti-SLAPP motion. The parties will exchange initial disclosures prior to the Scheduling Conference.

### J. DISCOVERY PLAN

**Initial Disclosures:** The Parties will exchange initial disclosures prior to the Scheduling Conference.

**Subjects for Discovery:** Plaintiff anticipates conducting discovery into at least the following areas: (1) Defendants' decision to file the Bad Mark Complaint form, including whether there was any underlying debt; (2) Defendants' communications with the Clark County District Attorney; (3) the decision to file and continue to pursue criminal charges against Plaintiff; (4) the relationship between Plaintiffs and the Clark County District Attorney; and (5) Defendants' pattern and practice regarding debt collection.

Defendants anticipate conducting discovery into at least the following areas: (1) Plaintiff's failure to repay the outstanding marker, including the extension of time for repayment granted by Defendant Wynn Las Vegas while Plaintiff was incarcerated; and (2) the District Attorneys' office's decision to prosecute Plaintiff. Defendants do not believe that the existence of the underlying debt is a proper subject of discovery because the matter already has been adjudicated in a civil proceeding in Nevada.

**Anticipated Deponents and Written Discovery:** The Parties expect the following depositions to be taken: Plaintiff Joseph Francis; Wynn Las Vegas employees Barbara Conway and Lawrence Altschul; Clark County DA Bernard Zadrowski; and expert witnesses. Additionally, Plaintiff seeks to depose Defendant Wynn, but Defendants contend that Mr. Wynn's deposition is unnecessary and inappropriate because he is not a percipient witness to the events at issue. The parties have begun to meet and confer on this issue and will attempt to resolve their differences informally before engaging in motion practice. If the parties are not able to reach an agreement on this issue, then Defendants anticipate seeking a protective order to prevent Mr. Wynn's deposition, unless and until Plaintiff obtains some facts to suggest that Defendant Wynn participated in or had knowledge about the activities that are the subject of the Complaint. The parties anticipate serving interrogatories, requests for production and/or requests for admission in the next 30-60 days. The Parties anticipate that fact discovery, including depositions, will be completed by early 2015.

**Discovery Conducted In Phases or Focused on Particular Issues:** The Parties do not currently believe that discovery should be conducted in phases or limited to or focused upon particular issues.

**Electronically Stored Information:** The Parties do not anticipate any issues regarding access to or production of electronically stored information

**Confidentiality And Claims Of Privilege Or Work-Product:** The Parties do not anticipate any issues regarding confidentiality or claims of privilege or work product protection, other than the potential need for an order regarding handling of confidential material. To the extent the Parties seek documentation and/or testimony from the District Attorneys' office, the District Attorneys' office may assert claims of privilege.

**Limitations Or Changes To Discovery:** The Parties to not anticipate the need to vary from the Federal Rule of Civil Procedure.

### K. DISCOVERY CUT OFF

The Parties propose a fact discovery cut-off of February 20, 2015.

### L. EXPERT DISCOVERY CUT OFF

The Parties propose May 22, 2015 as the expert discovery cut-off date.

### M. DISPOSITIVE MOTIONS

Discovery is ongoing. Defendants anticipate filing dispositive motions on the following grounds that, among other things, Defendants' statements to the District Attorney were both truthful and privileged; the decision to prosecute Plaintiff was made independently by the District Attorney's office; that Defendants' conduct was entirely appropriate under the circumstances, in light of Plaintiff's failure to pay his gambling debt, and consistent with applicable law; and that Plaintiff cannot establish the elements of any of his claims..

### N. SETTLEMENT/ADR

Counsel for the Parties have had a very general discussion about the possibility of settlement. The Parties agree that ADR Option No. 2, the attorney settlement panel, is the appropriate procedure for this case.

### O. TRIAL ESTIMATE

The Parties estimate a 4-5 day jury trial. Anticipated witnesses are Plaintiff Joe Francis, Defendant Steven Wynn (if appropriate), Clark County District Attorney Bernard Zadrowski, Wynn Las Vegas employees Barbara Conway and Lawrence Altschul, and expert witnesses.

### P. TRIAL COUNSEL

Michael J. Avenatti and Scott H. Sims of Eagan Avenatti, LLP for Plaintiff. Robert Shapiro and Paul Salvaty of Glaser Weil Fink Howard Avchen & Shapiro LLP for Defendants.

**Q.   INDEPENDENT EXPERT OR MASTER**

The Parties do not believe a master pursuant to Rule 53 of an independent scientific expert is necessary at this time.

Dated:   July 28, 2014            EAGAN AVENATTI, LLP

By: /s/ Scott H. Sims
   Scott H. Sims
   Attorneys for Plaintiff
   Joseph R. Francis

Dated: July 28, 2014              GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

By:   /s/ Paul B. Salvaty
   PAUL B. SALVATY, ESQ.
   Attorneys for Defendants
   Wynn Las Vegas, LLC and Stephen A. Wynn

Case 2:11-cv-09054-DSF-VBK Document 66 Filed 06/23/14 Page 9 of 9 Page ID #:535

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: Francis v. Wynn

CASE NO: 2:11-cv-09054-DSF-VBK

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court's Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length 4-5 days) (Tuesday) | 8:00 am | | 6-23-15 | 6/23/2015 | |
| For Court Trial<br>Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | | 3 | 6-2-15 | 6/2/2015 | |
| Pretrial Conference, LR 16;<br>Hearing on Motions in Limine | 3:00 pm | 4 | 5-26-15 | 5/26/2015 | |
| For Jury Trial<br>Lodge Pretrial Conference Order, LR 16-7;<br>File Agreed Set of Jury Instructions and Verdict Forms;<br>File Statement Regarding Disputed Instructions, Verdicts, etc.;<br>File Oppositions to Motions in Limine | | 6 | 5-12-15 | 5/12/2015 | |
| For Jury Trial<br>File Memo of Contentions of Fact and Law, LR 16-4;<br>Exhibit & Witness Lists, LR 16-5,6;<br>File Status Report Regarding Settlement;<br>File Motions in Limine | | 7 | 5-5-15 | 5/5/2015 | |
| Last date to conduct ADR Proceeding, LR 16-15 | | 12 | 3-31-15 | 3/31/2015 | |
| Last day for hearing motions, LR 7 | | 14 | 3-17-15 | 3/17/2015 | |
| Non-expert Discovery Cut-off | | | 2-20-15 | 2/20/2015 | |
| Expert Disclosure (Initial) | | | 4-8-15 | 4/8/2015 | |
| Expert Disclosure (rebuttal) | | | 5-8-15 | 5/8/2015 | |
| Expert Discovery Cut-off | | | 5-22-15 | 5/22/2015 | |
| Last Date to Amend Pleadings or Add Parties | | | 8-30-14 | 8/30/2014 | |

LR 16-15 ADR Choice: ☐ 1. USMJ ☐ 3. Outside ADR

☒ 2. Attorney Settlement Panel

Exhibit A