ROBERT SHAPIRO (Bar No. 43693)
rshapiro@glaserweil.com
PAUL B. SALVATY (Bar No. 171507)
psalvaty@glaserweil.com
CAMILLA Y. CHAN (Bar No. 241674)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:   (310) 556-2920

Attorneys for Defendants
WYNN LAS VEGAS and STEPHEN A. WYNN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. FRANCIS, | CASE NO.: CV 11-9054-DSF (VBKx) |
| Plaintiff, | Hon. Dale S. Fischer |
| v. | Mag. Judge: Hon. Victor B. Kenton |
| WYNN LAS VEGAS, LLC, STEPHEN A. WYNN, and BARBARA CONWAY, | **STIPULATED PROTECTIVE ORDER REGARDING THE HANDLING OF CONFIDENTIAL MATERIAL AND [PROPOSED] ORDER THEREON** |
| Defendants. | **[DISCOVERY]** |
| | **NOTE: CHANGES MADE TO THIS DOCUMENT** |

# **GOOD CAUSE STATEMENT**

WHEREAS Plaintiff Joseph R. Francis ("Plaintiff") and Defendants Wynn Las Vegas, LLC ("Wynn LV") and Stephen A. Wynn ("Mr. Wynn") (together with Wynn LV, "Defendants") expect discovery to involve the disclosure of information that one or party or parties maintain is confidential proprietary business information and/or confidential private information;

WHEREAS Plaintiff and Defendants (collectively, the "Parties") agree that it is in their respective best interests that confidential proprietary business information and/or confidential private information that is voluntarily produced or disclosed in response to discovery demands or pursuant to a subpoena or court order be used solely for the purpose of this litigation and for no other purpose;

WHEREAS the Parties desire to establish procedures that will be fair and expedite discovery of confidential proprietary business information and/or confidential personal information, but that will provide adequate protection of such information belonging to the Parties and/or non-parties required to produce such documents or information;

WHEREAS this Stipulated Protective Order does not constitute a waiver of any Party or non-party's right to object to discovery or trial subpoenas on any ground, nor the right of any other party to challenge such objection or redaction, nor does the Stipulated Protective Order constitute an admission by any Party or non-party that any information that it, he, she, or any other party designates as Confidential Material is, in fact, confidential proprietary business information and/or information in which a party or non-party has a privacy right;

WHEREFORE, believing that good cause exists, the Parties HEREBY STIPULATE that, subject to the Court's approval, the following procedures shall be followed in the above-captioned action (the "Action") to facilitate the orderly and efficient discovery of relevant information, while minimizing the potential for

unauthorized disclosure or use of confidential proprietary business information and/or confidential private information.

## <u>TERMS OF STIPULATED PROTECTIVE ORDER</u>

1.      In connection with responding to discovery requests in this Action, any party or non-party to this Action ("Designating Party") shall have the right to designate as "Confidential" under the terms of this Stipulated Protective Order any document containing Confidential information, or information derived therefrom, that is produced pursuant to a discovery request, subpoena or court order.

2.      "Confidential Material" is information that the Designating Party reasonably believes (1) to be proprietary information, confidential business information, and/or trade secrets relating to any parties business(es), including, but not limited to, information relating to Wynn LV's collection practices and/or policies and practices relating to advancing credit to its guests, and/or information in which the Designating Party or a third party has a privacy interest, including but not limited to personal financial information, and/or (2) is protected from disclosure under applicable law.

3.      Recipients of Confidential Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose or in any other litigation proceeding or for any purpose unrelated to this action.  Nothing contained in this Order, however, shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action.  Each person who has access to material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

4.      To designate materials Confidential, the Designating Party shall mark each page of the document as "CONFIDENTIAL" before producing it.  For documents produced by another party or non-party, or with respect to Court transcripts, a party can assert confidentiality through correspondence to all parties that

specifically identifies each document that is being designated Confidential.

5.     If any information or material designated to be Confidential pursuant to this Stipulated Protective Order is used during the course of a deposition in this Action, or if any Confidential information is disclosed during a deposition in this Action, that portion of the deposition record shall be stamped or marked "CONFIDENTIAL" and bound separately.  Access to such deposition materials shall be limited pursuant to the terms of this Stipulated Protective Order.

6.     Witnesses or counsel at a deposition in this action shall invoke the provisions of this Stipulated Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "CONFIDENTIAL." No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of the confidential information under the terms of this Stipulated Protective Order.

7.     Any material designated "CONFIDENTIAL", and copies thereof, and the information contained therein, shall be made available to and inspected by the following persons only:

a.     Parties, or in-house counsel for Wynn LV, for use in relation to this litigation only;

b.     Outside counsel for the Parties, or employees of such counsel to whom it is necessary that the Confidential information be shown or disclosed for the purpose of this litigation;

c.     Non-employee, independent consultants and/or non-employee, independent experts working directly on this litigation at the request or at the direction of counsel;

d.     A court reporter transcribing and/or an outside person translating at a deposition in this Action;

e.     The stated author or recipient(s) of the materials in the ordinary course;

STIPULATED PROTECTIVE ORDER

f.      Such persons as the undersigned counsel shall consent in writing before the proposed disclosure;

g.      Outside copying or imaging services assisting counsel in this Action;

h.      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints; and

i.      The Court and jury, as necessary for purposes of trial or motions.

8.      Any party seeking to disclose materials and/or information designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order to any person falling within subparagraphs 6(c) or 6(f) shall inform such persons, or counsel for such persons, of this Stipulated Protective Order and shall request that such persons execute a copy of Exhibit A.  The persons shall agree in writing to be bound by the terms of this Stipulated Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential information) in advance of being shown the Confidential information and/or materials.

9.      All persons receiving or given access to materials and/or information designated "CONFIDENTIAL" in accordance with the terms of this Stipulated Protective Order consent to the continuing jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing this Stipulated Protective Order and remedying any violations thereof.

10.      Inadvertent production of materials and/or information designated "CONFIDENTIAL" shall not constitute an automatic waiver of the Designating Party's right to designate such material as "CONFIDENTIAL," provided, however, that the Court may find a waiver if it finds a lack of reasonable diligence by the party failing to mark the material as "CONFIDENTIAL."  A Designating Party that discovers an inadvertent production shall immediately notify all other Parties to this action of such inadvertent production the Designating Party knows of its receipt by

any other party to this action.  If documents and/or materials are inadvertently produced without being marked as "CONFIDENTIAL," such documents and/or materials shall be treated as confidential pursuant to the terms of this Stipulated Protective Order only from the time that the Designating Party advises all Parties of such designation.  No party shall have any liability under the terms of this Stipulated Protective Order for the disclosure of such inadvertently produced information and/or materials prior to the designation of such material as "CONFIDENTIAL" by the Designating Party.

11.    If, at any time, counsel for any party (the "Objecting Party") claims that the Designating Party has unreasonably designated information or documents produced herein as "CONFIDENTIAL," the Objecting Party shall specifically identify such material in writing (by Bates stamp number, if available and practical), and shall state the reasons for the objections.  Within ten calendar days from the Designating Party's receipt of that written objection, the Parties shall reasonably and in good faith attempt an informal resolution of each disputed designation of material or category of material.  If the Parties are unable to resolve their dispute informally, the Desigating Party may file an appropriate motion with the Court, in accordance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement, and Local Rule 7-19 (applicable to *ex parte* applications) requesting that the Court deem the material  "CONFIDENTIAL" under the terms of this Order.   The Designating Party shall bear the burden of proving that the Confidential designation is appropriate. The disputed material shall remain confidential pending resolution of each issue presented by the application, petition or motion.

12.    Within 90 days after the final disposition of this action, all materials and/or information designated "CONFIDENTIAL" produced by a party or non-party (including, without limitation, any copies, extracts or summaries thereof) shall be delivered to counsel for the Producing Party or shall be destroyed by the parties to whom the materials and/or information designated "CONFIDENTIAL" was

STIPULATED PROTECTIVE ORDER

produced, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such materials (including, without limitation, any copies, extracts or summaries thereof) has been returned or destroyed. Notwithstanding this provision, counsel of record for each Party may retain an archival copy of all pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes which attach, expert reports, legal memoranda, correspondence, or attorney work product, which contains or refers to any Confidential Material, but only to the extent necessary to preserve a litigation file with respect to this Action.  Any such archival copies that contain or constitute Confidential Material remains subject to this Stipulated Protective Order.

13.     If any party should desire to include any Confidential Material in any papers filed with the Court, that party shall either:

a.     ~~obtain either the agreement of the Designating Party or an order of Court that such papers and the materials and/or information designated "CONFIDENTIAL" are not actually: (i) proprietary information, confidential business information and/or trade secrets relating to the Designating Party's business; (ii) information in which any party or any non-parties have a privacy interest; and/or (iii) subject to protection from disclosure under applicable law; or~~

b.     in accordance with Local Rule 79-5.1, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal, and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties should also file a redacted version of the motion and supporting papers.

14.     If another person, court or administrative agency subpoenas or orders the production of materials and/or information designated "CONFIDENTIAL" that a party has obtained under the terms of this Stipulated Protective Order, such party shall promptly give notice to the Designating Party of the pendency of the subpoena or court order.  If the Designating Party timely seeks a protective order and notifies the

979753

receiving party, then the party to which the subpoena or other compulsory process was issued or served shall not produce the confidential material called for prior to receiving a court order or the consent of the Designating Party.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.  Even if such Confidential material is produced in connection with a lawful subpoena or Court order, such material shall continue be treated as Confidential material by the Parties.

15.    This Stipulated Protective Order shall not govern the procedures for the introduction of exhibits at trial or the sealing of the record at trial, without prejudice to any Party's ability to seek protection for, or limit disclosure of, Confidential material at trial to the extent permitted by law.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any material introduced in evidence at trial, even if such material has previously been sealed or designated as "CONFIDENTIAL."

16.    Nothing contained in this Stipulated Protective Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.  To the extent any privilege material is inadvertently disclosed, the Parties are governed by and shall comply with Federal Rules of Evidence Rule 502(d).

///

///

///

///

///

17.     This Stipulation and the Court's Order shall remain in effect until such time as it is modified, amended, or rescinded by the Court.  The Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and Court Order notwithstanding the termination of this action.

**IT IS SO STIPULATED.**


Paragraph 13a is deleted. Follow LR 79-5 in all cases; no exceptions.

**IT IS SO ORDERED.**


DATED: <u>February 10, 2015</u>          By:_____/s/_____
                                                                 Hon. Victor B. Kenton
                                                                 United States Magistrate Judge

979753

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

I, _____, have read and am familiar with the terms of the annexed Stipulated Protective Order dated _____, 2014 in the action entitled *Francis v. Wynn Las Vegas, LLC, et al.*, Case No. CV-11-9054-DSF (VBKx), which is currently pending in the U.S. District Court for the Central District of California.  I am fully familiar with and agree to comply with and be bound by the provisions of the Stipulated Protective Order; and I will not copy or use, except as authorized by the Order, any Confidential Material I receive in this action.

I hereby consent to the jurisdiction of the Court of the Central District of California, and to the application of California and federal law for the purpose of enforcing the Stipulated Protective Order.

Executed on _____ at _____, California.

_____
(Signature)

_____
(Printed Name)